[57 NYS3d 898]

In the Matter of HELENE SUSAN STETCH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 23, 2017

**APPEARANCES OF COUNSEL**

*Catherine A. Sheridan,* Hauppauge (*Daniel M. Mitola* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On January 9, 2017, upon a plea of guilty before the Honorable Evelyn Braun, a Justice of the Supreme Court, Queens County, the respondent was found guilty of one count of criminal possession of stolen property in the first degree, in violation of Penal Law § 165.54, a class B felony, and six counts of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony. As part of the plea agreement, the respondent was required to execute eight confessions of judgment, totaling $2,325,042.75. On May 2, 2017, Justice Braun sentenced the respondent to seven concurrent terms of 1⅓ to 4 years in prison.

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon her felony conviction. Although the respondent was duly served, she has neither opposed the instant motion, nor interposed any response thereto.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon her conviction of a felony.

Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment as of January 9, 2017.

ENG, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Helene Susan Stetch, is disbarred, effective January 9, 2017, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Helene Susan Stetch, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Helene Susan Stetch, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an at-

torney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Helene Susan Stetch, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).