Matter of Schwartz (2019 NY Slip Op 06091)





Matter of Schwartz


2019 NY Slip Op 06091


Decided on August 7, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


[*1]In the Matter of Kenneth B. Schwartz, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Kenneth B. Schwartz, respondent. (Attorney Registration No. 1924778)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition dated May 30, 2017. By decision and order on application of this Court dated September 13, 2017, the matter was referred to the Honorable John Kase, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 30, 1984.



Catherine A. Sheridan, Hauppauge, NY (Daniel M. Mitola of counsel), for petitioner.
Kenneth B. Schwartz, Bethpage, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated May 30, 2017, containing five charges of professional misconduct. After a prehearing conference on February 7, 2018, and a hearing on May 2, 2018, the Special Referee issued a report, concluding that the respondent failed to supervise his employee and protect his escrow account. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the motion to confirm and asks that the Court impose a public censure in view of various mitigating factors.
Charge one alleges that the respondent failed to exercise reasonable management and/or supervisory authority over the conduct of his subordinate attorney, in violation of rule 5.1 of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: At all relevant times, the respondent was the managing partner of the Schwartz Law Group, P.C. (hereinafter the firm). The respondent's practice consisted predominantly of representing parties in real estate transactions, including lenders. The respondent employed Helene Stetch, Esq., as an attorney in the firm. The respondent was responsible for supervising the conduct of Stetch as an attorney. The respondent maintained at least three escrow accounts to conduct real estate transactions. The respondent authorized Stetch to be a signatory on the escrow accounts during the relevant time period. The respondent was entrusted by lenders as a fiduciary of mortgage proceeds. The respondent assigned and authorized Stetch to appear at real estate closings on behalf of the firm and to draw checks or otherwise disburse funds from the firm's escrow accounts in furtherance of those closings.
Between on or about January 1, 2008, and in or about June 2010: (1) Stetch appeared on behalf of the firm at real estate closings representing lenders; (2) the respondent failed to effectively monitor and review Stetch's handling of the real estate closings and the firm's escrow accounts; (3) the respondent knew or should have known that Stetch made approximately $2.3 million of unauthorized disbursements from the firm's escrow accounts; (4) the respondent knew or should have known that Stetch failed to disburse funds from the escrow accounts to satisfy existing mortgages; (5) the respondent knew or should have known that Stetch fabricated or altered documents, including title insurance reports and policies, involving real estate and mortgage loan transactions; (6) the respondent knew or should have known that Stetch forged the respondent's signature on multiple checks issued from the respondent's escrow accounts; (7) the respondent knew or should have known that Stetch deposited personal funds into the firm's escrow accounts, including her payroll check; and (8) the respondent knew or should have known that Stetch on multiple occasions disbursed funds from the respondent's escrow accounts for which there were no corresponding funds on deposit.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one and on the basis of rule 5.1(d)(2)(ii) of the Rules of Professional Conduct (22 NYCRR 1200.0), which provides that
"[a] lawyer shall be responsible for a violation of these Rules by another lawyer if . . . the lawyer is a partner in a law firm or . . . possesses comparable managerial responsibility in a law firm in which the other lawyer practices or . . . has supervisory authority over the other lawyer; and . . . in the exercise of reasonable management or supervisory authority should have known of the conduct so that reasonable remedial action could have been taken at a time when the consequences of the conduct could have been avoided or mitigated."
The respondent's failure to exercise reasonable management and supervisory authority over Stetch makes him responsible for Stetch's misappropriation of funds entrusted to the firm as a fiduciary.
Charge three alleges that the respondent failed to make accurate entries of transactions involving his escrow accounts in a ledger or other record contemporaneously with the transactions to be recorded, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charges one and two.
Charge four alleges that the respondent engaged in impermissible conflicts of interest by representing more than one client in real estate transactions where the representation involved differing interests and failed to obtain informed consent, confirmed in writing, in violation of rule 1.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charges one through three, and the following: Between on or about January 1, 2008, and in or about June 2010, the respondent knew or should have known that the firm engaged in real estate closings in which the firm represented at least one of the parties to the transaction as well as the lender without obtaining from the affected clients informed consent, confirmed in writing.
Charge five alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charges one through four.
At the disciplinary hearing, the respondent admitted that he was negligent in his supervision of Stetch, that there was a breakdown in internal controls, and that he should have been more attentive and should have done more in his supervision of Stetch. The issue in contention revolved around the existence of early warning signs, because had those early warning signs been heeded by the respondent, who was the sole owner and partner of the firm, the fraudulent and illegal conduct committed by Stetch could have been detected, prevented, or at least curtailed. In the Grievance Committee's view, the warning signs, which took place over a span of 2½ years, were many, including, for instance, Stetch's failure to provide the respondent with disbursement sheets for transactions that she handled or her provision of disbursement sheets that were incomplete; Stetch's failure to provide client information in the memorandom section of checks, thereby preventing the respondent from performing a reconciliation of the firm's escrow accounts; the issuance of checks containing forged signatures; and the issuance of checks with no signature that cleared. The respondent conceded that early warning signs existed and that they were not properly [*2]addressed. However, he claimed that he did take some action—for example, he hired an outside accountant—and did not ignore the warning signs completely. The respondent claimed that he would have had to conduct a forensic accounting, which he did not do, in order to have discovered the fraud.
In mitigation, the respondent asks that the Court take into consideration the following circumstances: (1) the intentional wrongdoing was committed by a former employee and attorney, Stetch, who was convicted, inter alia, of multiple counts of grand larceny in the second degree and disbarred as a consequence (see Matter of Stetch, 154 AD3d 106); (2) many of Stetch's actions occurred while the respondent was preoccupied and out of the office due to his daughter's illness; (3) the respondent derived no personal benefit from the illegality; (4) the misappropriated funds were disbursed to third parties; (5) the respondent is remorseful and acknowledges that he should have done more and earlier; (6) upon learning about the illegal activity and defalcations, the respondent notified law enforcement and the Grievance Committee, and cooperated extensively with both entities; (7) although criminally charged with multiple offenses, the respondent pleaded guilty to a reduced charge of disorderly conduct only; (8) the firm is being audited by a monitor, which was a condition of the respondent's plea; and (9) at considerable expense to himself, the respondent employed an accountant to re-create a record of the subject transactions, and commenced a declaratory judgment action in an effort to obtain coverage for the losses.
Notwithstanding the above enumerated mitigating circumstances, we find that the respondent committed serious professional misconduct. In view of the multiplicity of warning signs, including one that even the respondent concedes was a sign that his employee was engaged in illegality (checks with forged signatures or no signature), repeated mistakes by Stetch, her ineptitude with record keeping, and her outright lies, the respondent's failure to conduct a forensic accounting, which would have required him to examine the files, was patently unreasonable. The respondent, a certified public accountant with years of experience at a major accounting firm, was eminently skilled and trained to undertake such a review. Had he done so earlier, the respondent could have contained the damage, which was significant, approximately $2.3 million. To make matters worse, although the respondent fired Stetch in June 2010 upon learning that Stetch made disbursements that contradicted his instructions, he immediately rehired her on the belief that she could be of assistance. Soon thereafter, the respondent permanently fired Stetch, but only after she caused more damage. If the respondent's failure to supervise, which is conceded, was negligent, his decision to rehire Stetch was simply reckless.
Accordingly, based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted and all charges are sustained.
Taking into consideration both mitigating and aggravating factors in this case, we find that a suspension from the practice of law for two years is warranted (see Matter of Galasso, 105 AD3d 103).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that the respondent, Kenneth B. Schwartz, is suspended from the practice of law for a period of two years, commencing September 6, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 5, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Kenneth B. Schwartz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Kenneth B. Schwartz, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kenneth B. Schwartz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court